## W. H. LONG, JR., V. FRANCES CRUGER.

### No. 1079.

**Right to Use Unopened Street.**—Until a street in a city shall be opened by the city authorities, the owner of the soil has the right to occupy and use the land to be taken by the street when opened. See example.

APPEAL from McLennan. Tried below before Hon. L. W. GOOD-RICH.

The conclusions of fact from the trial judge follow:

"I find, that in January, 1890, Frances Cruger owned the land between Speight street and James, from Ninth street west nearly to Eleventh street; that Tenth street had not been opened through this property, but had been opened north of it, at the time of the sale by defendant to plaintiff. The county surveyor, at request of defendant, projected the west line of Tenth street across her property so as to be able to locate plaintiff's lots on corner of Tenth and Speight streets, when Tenth should be opened.

"I find, that in January, 1890, defendant made a deed to plaintiff for 100x165 feet on Speight street, and running back on Tenth street 165 feet. Tenth street had not been opened then, nor is it opened now. Tenth street is 60 feet wide. Plaintiff paid an advance for the privilege of getting corner property when Tenth street should be opened. * * * Plaintiff has improved the property for a home, and has been living there for two years or more. The deed made to plaintiff is a warranty deed, with the usual covenants. * * * In January, 1893, defendant began moving an old residence into the space on which Tenth street would be if opened on Speight street. A temporary injunction was granted plaintiff restraining defendant from blockading the space for Tenth street, and the only issue on the trial was the perpetuation of that injunction and the protection of the easement claimed by plaintiff in Tenth street, defendant claiming, that she has the right to move on the land in any way she saw proper, until the city had paid or offered to pay for the same.

"I find, that at the time the deed was made the field notes were furnished the draftsman from the survey made by the county surveyor, and furnished him by the surveyor; and from these notes he drew the deed without further instructions. All parties were present at the time, and it was stated at the time that the property was to be on Speight and Tenth streets, when Tenth street was opened. Prior to the making of the deed, it was understood and agreed between the parties that Tenth street should not be opened to the public. At this time the street was fenced, and after building, with consent of defendant, a gap was put in giving entrance to rear of his (plaintiff's) lot until the city should pay defendant for it; but nothing was said between the parties about any private rights until long after the deed

was made, nor was there any difference between the parties until the attempt to remove the house into that space."

The trial court dissolved the injunction, and the plaintiff has appealed. The other matters are sufficiently stated in the opinion.

*Scarborough & Rogers,* for appellant.—Where parties have deliberately put their engagements in writing in such terms as impart legal obligation without uncertainty as to the object or extent of the engagement, it is conclusively presumed that the whole contract was reduced to writing, and oral testimony will not be heard to vary this contract except under clear allegation of fraud, accident, or mutual material mistake, not caused by negligence of party seeking relief. 71 Texas, 139; 57 Texas, 238; 52 Texas, 137; Foster's Fed. Prac., sec. 2, note 7; Bisp. Eq., sec. 192.

*Pearre & Boynton* and *Charles A. Boynton,* for appellee.—1. If, after making an agreement, in the process of reducing it to a written form the instrument, by means of a mistake of law, fails to express the contract which the parties actually entered into, equity will interfere with appropriate relief, either by way of defense to its enforcement, or reformation. Hunt v. Rousmanier, 1 Pet., 13; Brown on Parol Ev., 81; 15 Am. and Eng. Encyc. of Law, 639n, 1; Lee v. Percival (Iowa), 52 N. W. Rep., 543; Pitcher v. Hennessey, 48 N. Y., 415; Canedy v. Marcy, 13 Gray, 377, Clayton v. Freet, 10 Ohio St., 545.

2. When there is no mistake about the agreement itself, and the only mistake alleged is in the reduction of the agreement to writing, it is not necessary to allege in the pleadings, nor prove on the trial, that the mistake was mutual. 2 Beach Mod. Eq. Jur., sec. 544; Born v. Schrenkeisen, 110 N. Y., 55; Pitcher v. Hennessey, 48 N. Y., 415.

3. Parol evidence is admissible to prove such mistake. 2 Beach Mod. Eq. Jur., sec. 545; 1 Rice on Ev., secs. 185h, 185i, 187; Pitcher v. Hennessey, 48 N. Y., 415; Clayton v. Freet, 10 Ohio St., 545.

4. A private way can only be created by a grant, express, implied, or presumed. Washb. on Easements, 23; 6 Am. and Eng. Encyc. of Law, 143; 19 Id., 96; Stevenson v. Wallace, 27 Gratt. (Va.), 77; Fitch v. Seymour, 9 Metc. (Mass.), 462; Miller v. Railway, 6 Hill (N. Y.), 61; Wiseman v. Lucksinger, 84 N. Y., 31.

KEY, ASSOCIATE JUSTICE.—The appellant brought this suit to restrain the appellee from placing a house upon, and thereby obstructing, an alleged public street in the city of Waco, Texas. There is no statement of facts in the record, both parties being satisfied with the conclusions of fact filed by the trial judge. The appellant holds under a deed from the appellee conveying to him two contiguous lots, one of which, according to the description given in the deed, is on the corner of Speight and Tenth streets. It was shown that the appellee was

about to erect a house adjoining said corner lot, and upon what—according to said deed—would be a part of Tenth street.

The appellee averred in her answer, that the ground upon which she proposed to build the house was not in fact a public street; that Tenth street had never been established or opened up through her property; that at the time she sold the two lots to appellant it was understood that they bordered on but one public street, which was Speight; and that when Tenth street should be extended and opened up across the appellee's land one of said lots would be on the corner of Speight and Tenth streets, and that appellee did not intend to open up Tenth street across her land unless the city paid her a reasonable compensation therefor; that a mistake was made in writing appellant's deed, so as to make it appear that Tenth street had been opened up or dedicated as a public street across appellee's land at the time of said purchase.

A general demurrer was addressed to appellee's answer, which the court below overruled, and this ruling is assigned as error.

We think the ruling was correct. As against a general demurrer the answer was sufficient. Appellee's special answer, as above summarized, is sustained by the findings of fact; and, being sufficient in law to defeat appellant's cause of action, the court below correctly rendered judgment for appellee.

Judgment affirmed.

*Affirmed.*

Delivered December 12, 1894.